**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

_____

**TINA M. SUPPA**            )
                             )        **Case Number**
        **Plaintiff**      )
                             )
        **vs.**            )        **CIVIL COMPLAINT**
                             )
**MEDICREDIT, CO.** _a/k/a_   )
**CONGENT FINANCIAL GROUP**  )
                             )        **JURY TRIAL DEMANDED**
                             )
        **Defendant**     )
_____)

## <u>COMPLAINT AND JURY DEMAND</u>

     **COMES NOW**, Plaintiff, Tina Suppa, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.  <u>INTRODUCTORY STATEMENT</u>

     1.     Plaintiff, Tina M. Suppa, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq</u>. ("FDCPA"), as well as violations of the Illinois Collection Agency Act which both prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  <u>JURISDICTION</u>

     2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

### III.  PARTIES

4.      Plaintiff, Tina M. Suppa, (hereafter, Plaintiff) is an adult natural person residing in Chicago Illinois. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, MediCredit, Co. a/k/a Congent Financial Group (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of Illinois and Missouri with an office located at 3 City Place Drive, Suite 690, St. Louis, MO  63141.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      On or about October 16, 2012, Plaintiff started to receive voice mail messages from Defendant's agent, "Henry Douglas", stating that they were collecting on an alleged debt that he believed was several years old.

8.      Defendant' s agent went on to inform he Plaintiff that he was calling because she had to have taken a loan with them at one time and that the Defendant was obviously updating their records and looking for payment.

9.      Defendant hoped for payment to be made on a voluntary basis.

10.     Defendant assured the Plaintiff that they were not a collector but an original creditor.

11.     Before ending this first message to the Plaintiff, Defendant's agent, "Henry Douglas", asked the Plaintiff to work with the Defendant to settle this account in order to avoid engaging in the legal process.

12.     Defendant's agent warned the Plaintiff that if they did not hear back from her that they would weigh their default options.

13.     Plaintiff was told that bank liens were the Defendant's preferred way of execution.

14.     On or about October 18, 2012, at 12:57pm, Defendant's agent, "Henry Douglas", called the Plaintiff again leaving another message and addressing himself as a mediator for the Defendant.

15.     Defendant assured the Plaintiff that she did in fact have a debt that she owed to them and again warned her that if she did not call and make arrangements to pay that they would initiate the legal process.

16.     Plaintiff was assured that if she neglected to take care of this matter that this was going to cost her a lot more than it had to.

17.     Plaintiff was again asked to reach out to the Defendant as soon as possible.

18.     On or about October 23, 2012, at 3:14pm, Plaintiff received yet another message from Defendant' s agent, "Henry Douglas", informing her that a default judgment had now been filed against her.

19.     Plaintiff was asked if she understood the prior warnings from the Defendant and the need for her to call and take care of this matter.

20.     Defendant stated that they were trying to offer the Plaintiff mediation and a formal offer to pay back this debt before they executed bank liens and wage garnishment.

21.     Before ending this call, Defendant' agent, told the Plaintiff that this had now become a time sensitive matter and that she needed to call back no later the 4 o'clock pm PST.

22.     Plaintiff was asked to refer to Case #98101-12.

23.     Defendant at no time informed the Plaintiff who they were collecting for.

24.     Defendant at no time informed the Plaintiff how much they were attempting to collect.

25.     Defendant at no time informed the Plaintiff of her right to dispute the above alleged debt within thirty (30) days.

26.     To date, Plaintiff has never received anything in writing in regards to this debt.

27.     On or about October 29, 2012, at 7:43pm, Defendant's agent, "Henry Douglas", called Plaintiff again to offer what he referred to as mediation.

28.     Plaintiff was warned that her window of opportunity was closing.

29.     Before ending the call, Defendant's agent asked the Plaintiff if she was having trouble reaching out to him because of Hurricane Sandy.

30.     On or about November 2, 2012, at 2:17pm, Plaintiff received a call from a "Mr. Wilson", saying that he was the director of legal services for the Defendant.

31.     "Mr. Wilson", informed the Plaintiff that since she did not reply to their earlier calls, the Defendant was now filing papers against her in court.

32.     Defendant's agent stated that he could see that there was a balance, however, the amount due was still not disclosed to the Plaintiff.

33.     Before ending the call, Plaintiff was again threatened with default judgment that would be placed on her credit and that she will be required to file a 1099-C with the IRS.

34.     Plaintiff was told that if she would just call back that day they could possibly come to a compromise and put a stop to the legal proceedings.

35.     The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

36.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

37.     At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

38.     At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

39.     The above paragraphs are hereby incorporated herein by reference.

40.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

41.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| --- | --- |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount or legal status of the alleged debt |
| §§ 1692e(4): | Non-payment of debt will result in garnishment |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

§§ 1692g(a)(1):     Must state the amount of the debt

§§ 1692g(1)(2):     Must state name of creditor to whom the debt is owed

§§ 1692g(1)(3):     Must state the right to dispute the debt within 30 days

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT

42.     Plaintiff incorporated paragraphs 1-41.

43.     Defendant is a "collection agency" as defined by the Illinois Collection Agency Act, 225 ILCS §§425/1 et seq.

44.     Section §§425/3(d), as amended effective January 1, 2008, brings debt buyers within its purview by providing that "a person, association, partnership,

corporation or other legal entity acts as a collection agency when he or it buys accounts, bills or other indebtedness and engages in collecting the same".

45.     Previously coverage was limited to a person who "buys accounts, bills or other indebtedness with recourse and engages in collecting the same.

46.     By deleting "with recourse" the legislature intended to classify as a "collection agency" persons such as the Defendant who buy charged-off debts for their own account.

47.     In addition, in 2007 amendments repealed the definition of "collection agency" contained din former §§425/2.02 and provided a more expansive set of definitions which, among other things, now defines a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or himself and others, engages in debt collection". 225 ILCS §§425/2 (emphasis added).

48.     Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

49.     Defendant violated the following provisions of 225 ILCS §§425/9:

§§425/9/15(d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

§§425/9/19 Engaging in any conduct which the Director finds was intended to cause and did cause mental or physical illness to the debtor or his or her family;

§§425/9/20 Attempting or threatening to enforce a right or

remedy with knowledge or reason to know that the right or

remedy does not exist;

§§425/9/25    Failing to disclose, at the time of making any

demand for payment, the name of the person to whom the

claim is owed and at the request of the debtor, the address

where payment is to be made and the address of the person

to whom the claim is owed;

§§425/9/26    Misrepresenting the amount of the claim or debt

alleged to be owed;

§§425/9/31    Engaging in dishonorable, unethical, or unprofessional

conduct of a character likely to deceive, defraud, or harm

50.    Defendant violated the following provisions of 225 ILCS 425/9.2:

(a)    Without prior consent of the debtor give directly to the debt

collector of collection agency or the express permission of the

court of competent jurisdiction a debt collector or collection

agency may not communicate with a debtor in connection with the

collection of any debt in any of the following circumstances:

(d)    Causing a telephone to ring or engaging any

person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any

person at the called number;

51. Plaintiffs were damaged as a result.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: January 24, 2013**

**BY:** _/s/ **Brent F. Vullings**_
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com